NOT FOR PUBLICATION (Doc. Nos. 5, 10)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

_____
                                    :
RUSSELL GRADDY AND LORETTA          :
GRADDY,                             :
                                    :
        Plaintiffs,                 :   Civil No. 11- 3038 (RBK/KMW)
                                    :
    v.                              :   **OPINION**
                                    :
DEUTSCHE BANK TRUST COMPANY         :
AMERICAS AS TRUSTEE, et al.         :
                                    :
        Defendants.                 :
_____

KUGLER, United States District Judge:

This matter arises out of a foreclosure dispute between Russell and Loretta Graddy ("Plaintiffs") and Defendant Deutsche Bank Trust Company Americas as Trustees ("Deutsche Bank"). Presently before the Court is Deutsche Bank's motion to dismiss the Amended Complaint based on Plaintiffs' alleged failure to state a claim upon which relief may be granted. Because the Court finds Plaintiffs failed to identify a duty Deutsche Bank owed Plaintiffs, and Plaintiffs failed to demonstrate Deutsche Bank accepted responsibility for Wachovia's liability, Plaintiffs' claims against Deutsche Bank are dismissed without leave to amend.

**I. BACKGROUND[1]**

**A. The Mortgage, its Assignment, and Foreclosure**

On March 15, 2006, Plaintiff executed a mortgage with Wachovia Mortgage Company ("Wachovia"). Under the terms of the mortgage, Plaintiffs owed Wachovia $272,000 in addition

---

[1] As this matter comes before the Court on a motion to dismiss, all disputed facts have been construed in favor of Plaintiffs, the non-moving party. *See* discussion *infra* Part II.

1

to interest, which was scheduled to be assessed annually at a rate of 7.25 percent. The mortgage required Plaintiffs to submit monthly payments of $1,855.52 on the first day of each month until April 1, 2036, the maturity date.

The mortgage also contained an acceleration clause which could be triggered by Plaintiffs' defaulting on their required payments. Defining "default" as failure to pay "the full amount of each monthly payment on the date it is due," the mortgage stated that Plaintiffs' default enabled the Note Holder to send a written notice demanding full payment of the principal and interest. Before demanding the accelerated payment, however, the Note Holder was required to wait at least thirty calendar days from the day the notice was mailed or otherwise delivered.

On January 1, 2009, Plaintiffs failed to submit their monthly payment, and have not submitted any payments since. Am. Compl. Ex. C. On August 24, 2009, Wachovia assigned the mortgage to Deutsche Bank. Three days later, on August 27, 2009, Deutsche Bank filed for foreclosure in the Atlantic County Superior Court.

### B. Procedural History

With Deutsche Bank's foreclosure action pending, Plaintiffs initiated this suit on April 8, 2011, by filing their Complaint in the New Jersey Superior Court. Deutsche Bank was served on May 4, 2011. Twenty-two days later, Deutsche Bank removed this case to federal court.

## II. STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 12(b)(6), a court may dismiss an action for failure to state a claim upon which relief can be granted. When addressing a motion to dismiss, "courts accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009)

(quoting *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008)). Accordingly, a complaint survives a motion to dismiss if it contains sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).

In making this determination, a court must engage in a two-part analysis. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50, 173 L. Ed. 2d 868 (2009); *Fowler*, 578 F.3d at 210-11. First, the court must separate factual allegations from legal conclusions. *Iqbal*, 129 S. Ct. at 1949. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Second, the court must determine whether the factual allegations, standing alone, are sufficient to show that the plaintiff has a "plausible claim for relief." *Id. at 1950*. Determining plausibility is a "context-specific task" that requires the court to "draw on its judicial experience and common sense." *Id.* A complaint cannot survive where a court can only infer that a claim is merely possible rather than plausible. *See id.*

## III. DISCUSSION

Plaintiffs are pursuing three counts against Deutsche Bank.[2] First, Plaintiffs contend that Deutsche Bank negligently breached its duty to investigate Plaintiffs' mortgage before accepting its assignment from Wachovia. Second, Plaintiffs allege that Deutsche Bank should be liable for Wachovia's breach of the covenant of good faith and fair dealing contained within the mortgage. Finally, Plaintiffs argue that Deutsche Bank's actions, allegedly resulting in Deutsche Bank breaching the covenant of good faith and fair dealing, constituted gross negligence.

---

[2] While Plaintiffs Amended Complaint contains seven counts, only three—Counts I, IV, and V—name Deutsche Bank. Plaintiffs acknowledge, moreover, that only these three counts pertain to Deutsche Bank. *See* Pls.' Br. 9. Therefore, notwithstanding Plaintiffs naming Deutsche Bank in each *ad damnum* clause, this Opinion will address only the three counts in which Deutsche Bank is explicitly named.

As Plaintiffs have failed to plead facts to support their assertion that Deutsche Bank owed a duty to Plaintiffs, and as amending the Complaint would be futile since, as a matter of law, Deutsche Bank owed no duty to Plaintiffs, this Court finds that Plaintiffs' claims for negligence and gross negligence should be dismissed without leave to amend. Further, because Plaintiffs have failed to plead facts to support their assertion that Deutsche Bank assumed Wachovia's liabilities, Plaintiffs claim against Deutsche Bank for Wachovia's breach of the mortgage's covenant of good faith and fair dealing is likewise dismissed without leave to amend.

### A. Count I: Negligence

Plaintiffs contend Deutsche Bank breached its duty to Plaintiffs when it failed to investigate Plaintiffs' mortgage before accepting its' assignment from co-defendant Wachovia. Am. Compl. Count I ¶¶ 1-16. Specifically, Plaintiffs point to Deutsche Bank filing a foreclosure action within three days of receiving the mortgage. Pls.' Br. 7-8, 11. Construing all facts in favor of Plaintiffs, this Court disagrees.

In the context of a motion to dismiss, a plaintiff must allege sufficient facts to state a claim for relief that is plausible on its face. *Twombly*, 550 U.S. at 570. While a complaint need not contain detailed factual allegations, a pleading relying on "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" is inadequate. *Id.* at 555 (citations omitted). Legal conclusions may provide the framework of a complaint, but they must be supported by factual allegations. *Iqbal*, 129 S. Ct. at 1950.

In the present case, Plaintiffs failed to properly plead their negligence claim. Plaintiffs aver that: (1) at the time of the assignment, Deutsche Bank had an obligation to research and/or investigate Plaintiffs' full financial situation, Am. Compl. Count I ¶ 12; (2) Deutsche Bank failed to investigate Plaintiffs' finances before accepting the mortgage, Am. Compl. Count I ¶ 13; and

(3) three days after accepting Plaintiffs' mortgage, Deutsche Bank initiated a foreclosure action, Am. Compl. Count I ¶ 10. Notwithstanding their averments, Plaintiffs failed to identify any duty Deutsche Bank owed to Plaintiffs.

Further, "[i]n every instance, before negligence can be predicated of a given act, back of the act must be sought and found a *duty to the individual complaining*, the observance of which would have averted or avoided the injury." *Palsgraf v. Long Island R. Co.*, 162 N.E. 99, 99-100 (N.Y. 1928) (Cardozo, J.) (emphasis added) (citations omitted). No party can owe a duty to the world—any duty a party may owe must be tethered to an entity or individual and is restrained by the boundaries of foreseeability. *See id.*

Merely declaring Deutsche Bank had an obligation to investigate Plaintiffs' financial situation is insufficient to survive a motion to dismiss where Plaintiffs have also failed to supply any facts or law supporting their claim. *See Twombly*, 550 U.S. at 555. In addition, this Court finds that as a matter of law, Deutsche Bank cannot have owed a duty to Plaintiffs sufficient to substantiate a negligence claim. Accordingly, Plaintiffs negligence claim is dismissed without leave to amend.

### B. Count IV: Breach of Covenant of Good Faith and Fair Dealing

Plaintiffs next allege Deutsche Bank violated the implied covenant of good faith and fair dealing contained within the mortgage. Am. Compl. Count IV ¶ 1-6.[3] In reply, Deutsche Bank argues that even if Wachovia were liable, Deutsche Bank cannot be liable for Wachovia's conduct since it is merely an assignee. Def.'s Br. 12. This Court agrees.

---

[3] While the Complaint fails to specify whether Deutsche Bank's alleged liability is predicated on Deutsche Bank's actions or Wachovia's actions, Plaintiffs' brief focuses on Deutsche Bank's liability "to the extent that Wachovia is liable for breach…." Pls.' Br. 12. Consequently, this Court will address Deutsche Bank's liability only as it relates to Wachovia's alleged misconduct.

Unless an assignee assumes responsibility for the assignor's conduct, affirmative claims against assignees based on the assignor's conduct are prohibited. *See Falkenstern v. Herman Kussy Co.*, 55 A.2d 11, 12 (N.J. Super. Ct. App. Div. 1947), *aff'd*, 59 A.2d 372 (N.J. 1948); *see also Pargman v. Maguth*, 64 A.2d 456, 459 (N.J. Super. Ct. App. Div. 1949) ("No citations are necessary in support of the well settled doctrine, that recovery and justment on a counterclaim or setoff against an assignee, where based on a demand against the assignor, cannot be affirmative; it can be defensive only.").

For example, an assignee cannot generally be liable for an assignor's debts. In *Falkenstern*, plaintiff was assigned a matured debt of $1,412.50 that defendant owed to the assignor. 55 A.2d at 12. Defendant counterclaimed, arguing that the assignment was invalid and that assignor owed defendant $2,883.06. *Id.* As the assignor owed them a greater sum of money than they had owed the assignor, argued defendant, and the sum they owed assignee was the same debt they had owed to the assignor, the court should set-off the debt defendant owed assignee with the debt the assignor owed defendant. *Id.* The appellate division struck defendant's counterclaim, holding that the assignor's debt was irrelevant to the case since defendant failed to demonstrate the assignee assumed the assignor's liabilities. *Id.* Noting that an "assignee does not thereby, without more, assume the liabilities of the assignor[,]" the court specifically found that plaintiff was not a party to the transaction complained of, and that nothing suggested plaintiff had assumed the assignor's liabilities. *Id.*

In the present case, Plaintiffs have failed to demonstrate Deutsche Bank assumed Wachovia's liabilities. Like the assignee in *Falkenstern*, Deutsche Bank was not a party to the construction of the contract. The mortgage identifies only Wachovia as the lender, Am. Compl. Ex. A, and Plaintiffs concede that "Plaintiffs executed a mortgage with Wachovia Mortgage

6

Corporation." Am. Compl. Count I ¶ 2. And also like the assignee in *Falkenstern*, nothing in the assignment document evidences that Deutsche Bank assumed Wachovia's liabilities. *See* Am. Compl. Ex. B. The assignment document merely states that Deutsche Bank was assigned the mortgage "together with the bond, note or other obligation therein described." *Id.* Thus, since Deutsche Bank was not a party to the initial contract, and since it never expressly or impliedly assumed Wachovia's liability, Deutsche Bank, like the plaintiff in *Falkenstern*, cannot be held liable for liability arising from Wachovia's misconduct.

Count four against Deutsche Bank, therefore, is dismissed without leave to amend because Plaintiffs failed to identify why Deutsche Bank should be held liable for Wachovia's alleged breach of the covenant of good faith and fair dealing.

### C. Count V: Gross Negligence

Finally, Plaintiffs claim Deutsche Bank's breach of the covenant of good faith and fair dealing was so egregious it constituted gross negligence. *See* Pls.' Br. 9; Am. Compl. Count V. Deutsche Bank counters that Plaintiffs failed to allege facts to support a prima facie case against Deutsche Bank, and that even if Plaintiffs can demonstrate Wachovia was grossly negligent, Deutsche Bank, as an assignee, cannot be held liable for Wachovia's misconduct. Def.'s Br. 12-13. In reply, Plaintiffs argue that at this stage of the litigation they are not required to make a prima facie case. Pls.' Br. 9. To the contrary, however, this Court finds that Plaintiffs have failed to state a claim for gross negligence since Plaintiffs never identified a duty Deutsche Bank owed Plaintiffs.

Gross negligence differs from negligence only in degree and not in kind. *Monaghan v. Holy Trinity Church*, 646 A.2d 1130, 1133 (N.J. Super. Ct. App. Div. 1994). Thus, like a claim for negligence, a plaintiff claiming gross negligence must show defendant owed plaintiff a duty

and that defendant breached that duty. *See*, *e.g.*, *Kelly v. Gwinnell*, 476 A.2d 1219, 1222 (N.J. 1984).

But general allegations of a duty are insufficient to support a negligence claim. *See*, *e.g.*, *Globe Motor Car Co. v. First Fidelity Bank*, 641 A.2d 1136, 1139 (N.J. Super. Ct. Law Div. 1993), *aff'd*, 677 A.2d 794 (N.J. Super. Ct. App. Div.), *certif. denied*, 686 A.2d 764 (N.J. 1996). In *Globe*, plaintiff's employee embezzled over one-million dollars from plaintiff. *Id.* at 1138. In granting defendant bank's summary judgment motion, the trial court found that there was no issue of material fact regarding plaintiff's negligence claim since, as a matter of law, defendant owed no duty to plaintiff. *Id.* at 1139. In so holding, the *Globe* court explicitly rejected plaintiff's argument that plaintiff's fiduciary relationship with defendant generated a duty to monitor plaintiff's accounts. *Id.* The court compared plaintiff's attempt to assign liability to defendant for its failure to police plaintiff's employee to "the farmer, who upon appointing the fox to guard the henhouse, finds fault with the rooster for the subsequent slaughter." *Id.* "In both instances," concluded the court, "blame is misplaced." *Id.*; *see also Paradise Hotel Corp. v. Bank of Nova Scotia*, 842 F.2d 47, 53 (3d Cir. 1988) (holding creditor-debtor relationship insufficient to substantiate finding a duty since creditors and debtors are adversarial by nature).

Here, too, Deutsche Bank owed no duty to Plaintiffs to investigate Plaintiffs' finances. Like the plaintiff's allegations in *Globe*, Plaintiffs merely assert, without more, that Deutsche Bank had an obligation to investigate their finances. Am. Compl. count I ¶ 12. Like the *Globe* plaintiff's allegation, it is improper for Plaintiffs to attempt to hold Deutsche Bank responsible for any harm it had no duty to guard against. As the court in *Globe* noted, to be liable for negligence a defendant must owe a duty to plaintiff beyond anything which may arise from a presumed fiduciary relationship. *Id.* at 1138-39. As a matter of law, therefore, Plaintiffs cannot

8

state a claim against Deutsche Bank for negligently failing to investigate if Plaintiffs' sole basis for Deutsche Bank's duty is an alleged fiduciary relationship.

Further, Plaintiffs' assertion they need not plead facts demonstrating defendant's duty is misguided. Plaintiffs contend that they need not "match facts" to each element of their legal theory. Pls.' Br. 10. In support of this argument, Plaintiffs cite *Trs. of I.A.M. Dist. No. 15 Health Fund v. Operant Material*, Civil Action No. 07-4262, 2008 WL 4601792 (D.N.J. October 15, 2008). There, plaintiffs alleged defendant violated ERISA when it failed to contribute to employee-benefits funds in violation of the collective bargaining agreement. *Trustees*, 2008 WL 4601792, at *1. Defendant moved to dismiss the complaint, claiming (1) plaintiffs had failed to include a statement of jurisdiction, and (2) plaintiffs had failed to state the substantive legal basis for its claim. *Id.* at *2. The district court disagreed, holding that the complaint met the liberal standard required by Fed. R. Civ. P. 8. *Id.* at *3. After noting that the complaint's general assertion of jurisdiction specifically included the four preceding claims, the court characterized the omission as a mere "scrivener's error." *Id.* Further, the court found that the complaint gave defendant fair notice of the nature and basis of the claim since while it may not have set out which sections of the ERISA statute the claim was being brought under, it clearly demonstrated the drafters intent by incorporating the earlier ERISA claims and invoking the ERISA provision defining "fiduciary." *Id.*

This Court finds that *Trustees* is distinguishable from the facts of our case. Plaintiffs in the present case failed to provide Deutsche Bank with fair notice of the nature and basis of their claim. Plaintiffs aver that Deutsche Bank was grossly negligent when it intentionally failed to perform its duty to act in good faith and fair dealing. Am. Compl. Count V ¶ 2. But Plaintiffs' failure to identify any duty Deutsche Bank may have owed them is distinct from the "scrivener's

error" at issue in *Trustees*. The alleged pleading deficiency in *Trustees* was premised upon plaintiffs' failure to identify the governing statute by name and plaintiffs' failure to aver the court had jurisdiction over the contested count under ERISA. Any potential vagueness, however, was found to have been vitiated by plaintiffs' invoking other ERISA provisions in the averments in the count, and by plaintiffs' otherwise consistent jurisdictional averments throughout the complaint. Unlike the alleged pleading deficiency in *Trustees*, Plaintiffs consistently failed to identify a legally recognized duty Deutsche Bank owed to Plaintiffs. Thus, Plaintiffs' oversight greatly exceeds the minor omission found in *Trustees*.

Because the Amended Complaint fails to properly plead and support a claim for gross negligence against Deutsche Bank, and because as a matter of law, Deutsche Bank owed no duty to Plaintiffs, Count V against Deutsche Bank is dismissed without leave to amend.

### IV. CONCLUSION

It is not for Deutsche Bank to guess which of its actions is being challenged and under what theory it may be liable. In order to state a claim for relief a pleading must contain a short and plain statement of the claim showing that the pleader is entitled to relief. And a pleading that fails to place a party on notice of the grounds on which it is being sued is inadequate. Moreover, the Court finds that any amendment would be futile since Plaintiffs' claims fail as a matter of law. Consequently, as Plaintiffs did not and cannot identify a legally cognizable duty Deutsche Bank owed to them, and Plaintiffs did not and cannot demonstrate Deutsche Bank assumed liability for Wachovia's conduct, Counts I, IV, and V of the Amended Complaint against Deutsche Bank are dismissed without leave to amend.

For the reasons discussed above, Deutsche Bank's Motion to Dismiss is **GRANTED**. An appropriate Order shall enter.

Dated: 3/6/12  /s/ Robert B. Kugler

ROBERT B. KUGLER
United States District Judge