NOT FOR PUBLICATION (Doc. No. 25)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY
# CAMDEN VICINAGE

|  |  |
|---|---|
| RUSSELL GRADDY, et al. :<br>:<br>Plaintiffs, :<br>:<br>v. :<br>:<br>DEUTSCHE BANK et al., :<br>:<br>Defendants. : | Civil No. 11-3038 (RBK/KMW)<br><br>**OPINION** |

**KUGLER**, United States District Judge:

This matter comes before the Court on the motion of Wells Fargo Bank, N.A. (referenced herein as "Wachovia") to dismiss the complaint of Russell and Loretta Graddy ("Plaintiffs"). Plaintiffs allege that Wachovia committed negligence, gross negligence and fraud; and also violated the New Jersey Consumer Fraud Act ("NJCFA"), and breached the covenant of good faith and fair dealing when the mortgage company qualified Plaintiffs for a loan they could not actually afford. Wachovia contends that Plaintiffs' claims distill to a claim for improvident lending, which has never been recognized by a New Jersey court. Wachovia further argues that even accepting that Plaintiff relies on viable legal theories, Plaintiff has still failed to state a claim on which relief can be granted. For the reasons expressed below, Wachovia's motion to dismiss is **GRANTED**.

**I.     BACKGROUND**

On March 15, 2006, Plaintiff executed a mortgage with Wachovia Mortgage Company ("Wachovia"). Under the terms of the mortgage, Plaintiffs owed Wachovia $272,000 with a

7.25% interest rate to be assessed annually. The mortgage required monthly payments of $1,855.52, which Plaintiffs were to submit on the first day of each month until April 1, 2036, the maturity date of the loan.  The mortgage also contained an acceleration clause that would be triggered if Plaintiffs defaulted on their required payments.  Defining "default" as failure to pay "the full amount of each monthly payment on the date it is due," the mortgage stated that Plaintiffs' default enabled the Note Holder to send a written notice demanding full payment of the principal and interest. Before demanding the accelerated payment, however, the Note Holder was required to wait at least thirty calendar days from the day the notice was mailed or otherwise delivered.

On January 1, 2009, Plaintiffs failed to submit their monthly payment, and have not submitted any payments since. Am. Compl. Ex. C.  On August 24, 2009, Wachovia assigned the mortgage to Deutsche Bank.  Three days later, on August 27, 2009, Deutsche Bank filed for foreclosure in the Atlantic County Superior Court.  On April 8, 2011, with Deutsche Bank's foreclosure action pending, Plaintiffs filed their complaint in the New Jersey Superior Court. Deutsche Bank was served on May 4, 2011. Twenty-two days later, Deutsche Bank removed this case to federal court.

In the complaint, Plaintiff asserted claims against Deutsche Bank, Residential Funding LLC, and Wachovia based on negligence, gross negligence, fraud, the NJCFA, and the covenant of good faith and fair dealing. On July 14, 2011, the Court signed a consent order dismissing Residential Funding LLC without prejudice. (Doc. No. 12).  That same day, Deutsche Bank moved to dismiss all claims against it. (Doc. No. 10).  On March 6, 2012, the Court granted Deutsche Bank's motion with prejudice, holding that Deutsche bank did not owe a duty to Plaintiffs and that Plaintiffs failed to show that Deutsche Bank assumed any of Wachovia's

liabilities when it was assigned Plaintiffs' mortgage.  (Doc. No. 17).  Presently before the Court is the motion of Wachovia—now known as Wells Fargo—to dismiss Plaintiffs' complaint.

## II.     LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows a court to dismiss an action for failure to state a claim upon which relief can be granted.  When evaluating a motion to dismiss, "courts accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief."  Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) (quoting Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008)).  In other words, a complaint survives a motion to dismiss if it contains sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

To make this determination, a court conducts a three-part analysis.  Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010).  First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim."  Id. (quoting Iqbal, 556 U.S. at 675).  Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth."  Id. at 131 (quoting Iqbal, 556 U.S. at 680).  Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief."  Id. (quoting Iqbal, 556 U.S. at 680).  This plausibility determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  Iqbal, 556 U.S. at 679.  A complaint cannot survive where a court can only infer that a claim is merely possible rather than plausible.  Id.

**III. DISCUSSION**

Plaintiff alleges that Wachovia committed various torts, violated the NJCFA, and breached the covenant of good faith and fair dealing when the mortgage company qualified Plaintiff for a loan that Plaintiffs could not afford. In opposition, Wachovia first argues that Plaintiffs' claims distill to a claim for "improvident lending," which is an invalid legal theory of liability. Wachovia then challenges Plaintiffs' ability to state a claim in each individual count. The Court will first address Wachovia's omnibus challenge regarding improvident lending and then turn to Plaintiffs' individual claims.

Wachovia states that "all of Plaintiffs' claims are based on an invalid theory of law of 'improvident lending' and fail as a matter of law." Mot. Summ. J. at 6. Wachovia argues that because "a claim for a lender's violations of its underwriting guidelines amounts to a claim for improvident lending" and New Jersey courts have never recognized such a claim, Plaintiffs' claims are deficient as a matter of law. Id. at 7. The Court addressed this very question in Jatras v. Bank of Am. Corp. and considers the point worthy of repetition in this case. CIV. 09-3107, 2010 WL 5418912 (D.N.J. Dec. 23, 2010). The Court held then, and will again hold, that although New Jersey courts have never recognized a claim for improvident lending, "this does mean that *any* claim involving improvident lending is faulty." Jatras, 2010 WL at *3. The Court agrees with Wachovia that "improvident lending as a count or claim in a civil action cannot be sustained;" however this does not preclude Plaintiffs from asserting claims stemming from "whatever tortious acts that could otherwise be styled as an improvident lending claim." Id. Therefore, the Court cannot grant Wachovia's motion on this basis. The Court will instead evaluate each of Plaintiffs' claims and address the legal insufficiency of the allegations of the complaint.

1. *Negligence and Gross Negligence*

New Jersey courts have long held that a viable negligence claim must demonstrate a duty, breach of that duty, and foreseeable resulting injury proximately caused by the breach. Anderson v. Sammy Redd and Associates, 278 N.J. Super. 50, 56 (App. Div. 1995). Wachovia challenges Plaintiffs' negligence claim, arguing that the law is well-settled that lenders owe no duty of care to borrowers. Plaintiffs do not dispute this point, but rather cursorily state that they sufficiently pled negligence to survive the motion to dismiss.

Plaintiffs have failed to plead a claim for negligence because they cannot establish that Wachovia owed a duty of care. Plaintiffs do not offer any source of state or federal law that requires lenders to act as a fiduciary for the interests of potential borrower. In fact, the law is clear that creditors owe no such duty. See United Jersey Bank v. Kensey, 306 N.J.Super. 540, 704 A.2d 38, 45 (N.J.Super.Ct.App.Div.1997) ("There is, therefore, a general presumption that the relationship between lenders and borrowers is conducted at arms-length, and the parties are each acting in their own interest." (quotations omitted)); Globe Motor Car Company v. First Fid. Bank, N.A., 273 N.J.Super. 388, 641 A.2d 1136, 1138-39 (N.J.Super. Ct. Law Div.1993) (citing Paradise Hotel ), aff'd, 291 N.J.Super. 428, 677 A.2d 794 (N.J.Super.Ct.App.Div.1996) ("[C]reditor-debtor relationships . . . rarely are found to give rise to a fiduciary duty"). Accordingly, Plaintiffs' negligence and gross negligence claims are dismissed with prejudice.[1]

---

[1] Due to the Court's dismissal of Plaintiffs' negligence claim, the claim for gross negligence must necessarily be dismissed as well. Gross negligence differs from negligence only in degree, not in kind. Monaghan v. Holy Trinity Church, 275 N.J. Super. 594, 599. Thus, because Plaintiffs cannot establish that Wachovia owed a duty of care, they have similarly failed to state a claim for gross negligence.

*2. Fraud*

Plaintiff also alleges fraud, arguing that Wachovia knowingly made a material misrepresentation to Plaintiffs that they could afford the loan for which they qualified.  This claim similarly fails as a matter of law.

The elements of a common law fraud claim are 1) a material misrepresentation of a presently existing or past fact, 2) knowledge or belief by the defendant of its falsity, 3) intent that the other party rely on it, 4) reasonable reliance by the other party, and 5) resulting damages. Triffin v. Automatic Data Processing, Inc., 394 N.J.Super. 237, 926 A.2d 362, 368 (N.J.Super.Ct.App.Div.2007).  A common law fraud claim must be plead with particularity under Federal Rule of Civil Procedure 9(b).  Fredericko v. Home Depot, 507 F.3d 188, 200 (3d Cir.2007).  Thus, a party claiming fraud must "plead or allege the date, time, and place of the alleged fraud or otherwise inject precision or some measure of substantiation into a fraud allegation." Id.

Not only have Plaintiffs failed to plead fraud with the requisite particularity, but they also cannot establish that Wachovia made any material misrepresentation to them.  Even if Wachovia misrepresented the debt-to-income ratio, or the home appraisal, or even if they sidestepped their own internal controls to approve Plaintiffs' loan, the *only* representation Wachovia made was that Plaintiffs could have the money they requested.  This was not a misrepresentation, as Plaintiffs were indeed permitted by the Defendants to receive the funds, which they accepted. Plaintiffs do not assert claims based on misrepresented terms (e.g., the percentage rate or the period of payment), but rather about the mere process by which they were approved for the loan they requested.  Unfortunately, Plaintiffs' lament does not amount to a legally cognizable claim for fraud and the Court must also dismiss this claim.

*3. NJCFA*

To state a claim under the NJCFA, a plaintiff must show: (1) unlawful conduct by the defendants; (2) an ascertainable loss on the part of the plaintiff; and (3) a causal relationship between the unlawful conduct and the ascertainable loss. Deutsche Bank Nat. Trust Co. v. Lacapria, No. 08–2174, 2010 WL 715617, at *5 (D.N.J. Mar.1, 2010); Int'l Union of Operating Eng'rs Local No. 68 Welfare Fund v. Merck & Co., Inc., 192 N.J. 372, 929 A.2d 1076, 1086 (N.J.2007). Moreover, the "[f]acts supporting [an] unlawful practice, ascertainable loss and causation must be pled with particularity," because "a Consumer Fraud Act claim pursued in federal court is also subject to Rule 9(b)." Mitchell v. Walters, No. 10–1061, 2010 WL 3614210, at *7 (D.N.J. Sept.08, 2010).

Wachovia argues that Plaintiffs cannot identify any unlawful conduct by the bank as a predicate for a NJCFA violation, but even assuming *arguendo* that they could, Plaintiffs have not pled that they suffered any ascertainable loss. Wachovia also notes that Plaintiffs have not pled the NJCFA claim with the requisite particularity. The Court agrees with each of these arguments and will dismiss Plaintiffs' NJCFA claim accordingly.

*4. Breach of Covenant of Good Faith and Fair Dealing*

Finally, Plaintiffs argue that Wachovia's conduct prior to the foreclosure breached the covenant of good faith and fair dealing. In New Jersey, every contract contains an implied covenant of good faith and fair dealing. Brunswick Hills Racquet Club, Inc. v. Route 18 Shopping Ctr. Assoc., 182 N.J. 210, 864 A.2d 387, 395 (N.J.2005); Sons of Thunder, Inc. v. Borden, Inc., 148 N.J. 396, 690 A.2d 575, 587 (N.J.1997). Generally, New Jersey courts define good faith as "honesty in fact and the observance of reasonable conduct that does not violate community standards of fair dealing in the trade." N.J. Stat. Ann. 12A:2–103(1)(b).

In order to succeed on a claim for breach of the covenant of good faith and fair dealing, a plaintiff must prove that: (1) a contract exists between the plaintiff and the defendant; (2) the plaintiff performed under the terms of the contract [unless excused]; (3) the defendant engaged in conduct, apart from its contractual obligations, without good faith and for the purpose of depriving the plaintiff of the rights and benefits under the contract; and (4) the defendant's conduct caused the plaintiff to suffer injury, damage, loss or harm. <u>Wade v. Kessler. Inst.</u>, 343 N.J.Super. 338, 778 A.2d 580, 586 (N.J.Super.Ct.App.Div.2001).

Plaintiffs argue that they have sufficiently pled a violation of the covenant of good faith and fair dealing because Wachovia "went astray of the covenant…in openly lending funds, accepting fees, and encumbering the Plaintiffs' property—all without undertaking even minimal due diligence to see what the Plaintiffs would be able to afford." Opp'n at 6. These allegations simply do not amount to a claim for breach of the implied covenant. Plaintiff has not alleged that Wachovia engaged in any conduct, apart from that which the contract expressly permitted, in bad faith or for the purposes of depriving the plaintiff of their rights under the contract. Therefore, this claim will also be dismissed.

Plaintiffs have asserted claims against Wachovia based on negligence, gross negligence, fraud, the NJCFA, and the implied covenant of good faith and fair dealing. The Court empathizes with Plaintiffs, an elderly couple who, like so many Americans, entered into a mortgage agreement that they could not ultimately afford and now face foreclosure as a result. However, Plaintiffs have failed to state any claims on which legal relief can be granted. Accordingly, the Court must dismiss Plaintiffs' complaint. The Court will dismiss Plaintiffs' claims for negligence, gross negligence, and fraud with prejudice. Plaintiffs cannot establish that Wachovia owed a duty of care and similarly cannot establish that Wachovia made any material

misrepresentation.  Because Plaintiffs could conceivably present a set of facts under which the other two claims would be viable, though unlikely, the Court will dismiss the NJCFA and breach of the covenant of good faith and fair dealing without prejudice.

## IV.     CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss is GRANTED.  An accompanying Order shall issue today.

Dated:   3/25/13                                                              /s/ Robert B. Kugler
                                                                              ROBERT B. KUGLER
                                                                              United States District Judge